# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, LLC, | : |
| Plaintiff | : CIVIL ACTION NO. 3:13-2648 |
| v. | : |
| SECRETARY OF LABOR, | : (JUDGE MANNION) |
| Defendant | : |

## **M E M O R A N D U M**

Pending before the court is plaintiff Insituform Technologies, LLC's motion for a temporary restraining order ("TRO"). (Doc. No. 6). Because the court does not have jurisdiction over this matter, the motion is **DENIED**.

## I.  BACKGROUND

Plaintiff is a manufacturer of pipe inserts with a facility in Olyphant, Pennsylvania. Plaintiff filed this temporary restraining order to prevent the Occupational Safety and Health Administration from seeking an *ex parte* warrant to inspect its facility for suspected violations of OSHA regulations regarding a certain chemical kept in large amounts at the facility. (Doc. No. 1). Plaintiff contest the applicability of certain OSHA regulations, "PSM standards," to the chemical in question. Subsequent to plaintiff filing its motion for a TRO, OSHA filed an application for a warrant in a separate miscellaneous action in this court. *See docket for* 3:13-mc-0558 (MEM). The

1

defendant in this matter informed the court and plaintiff of the filing of the application for a warrant. (Doc. No. 15). Defendants also moved to dismiss the TRO motion pursuant to Fed.R.Civ.P. 12(b)(1), arguing that this court lacks jurisdiction because the Occupational Safety and Health Act, 29 U.S.C. §651 *et seq.*, ("the Act"), comprehensively provides for exclusive administrative review structures for such actions.

**II. DISCUSSION**

A statutory review process precludes district court jurisdiction where the statute at issue provides an administrative review scheme, and where the claims are of a type Congress intended to fall within that scheme. Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207 (1994). A district court will, however, have review over claims that are "wholly collateral" to a statute's review provision and outside of an agency's expertise. Id., at 212.

The administrative review procedures of the Act reveal "a congressional intent to preclude district courts from exercising subject matter jurisdiction over pre-enforcement and post-enforcement" challenges to the Act. Culver v. U.S. Dept. Of Labor, OSHA, 248 F. App'x 403, 407 (3d Cir. 2007)(per curiam) (*citing* In re Establishment Inspection of Manganas Painting, 104 F.3d 801, 802-03 (6th Cir. 1997)). Plaintiff seeks to enjoin OSHA from inspecting it because it contends that the PSM standards do not properly apply to it. The scope and applicability of PSM standards is a question of agency expertise,

2

and not "wholly collateral" to the Act's review provisions. *See, e.g.,* Thunder Basin, 500 U.S., at 214. Thus, as the legislative scheme provides for administrative review, and the issues here are the type associated with agency expertise and the type intended by Congress to be dealt with by that scheme, this court lacks jurisdiction to grant plaintiff its requested relief.

While the plaintiff expresses concern about OSHA receiving a warrant *ex parte*, in this case, it has been informed of the agency's application for a warrant to inspect its facility. Thus, any hardship to plaintiff appears small in this case. Regardless of the merits, however, the court does not have jurisdiction to grant the relief plaintiff requests. Therefore, plaintiff's motion for a TRO is **DISMISSED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 2, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-2648-01.wpd